**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV. 3889**

KATHY BARNETT,

    Plaintiff,

vs.

COUNTY OF ORANGE,

    Defendant.

**COMPLAINT**

**JUDGE KARAS**

-----------------------------------------------x

By and through her counsel, Michael H. Sussman, Kathy Barnett, hereby alleges as against defendant:

I. **PARTIES**

1. Plaintiff, Kathy Barnett, resides in the County of Orange, State of New York, within this judicial district.

2. Defendant, County of Orange, is situate within this judicial district.

II. **JURISDICTION**

3. Within 300 days of the alleged quid pro quo sexual harassment, plaintiff filed a complaint with the New York State Division of Human Rights and the EEOC [charge no. 16GA604684].

4. Plaintiff has now received a right to sue letter from the United States Department of Justice and initiates this suit within ninety days of its receipt.

5. This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. secs. 2000e-5, et seq., 1988 and 28 U.S.C. secs. 1331 and 1343 (3) & (4).

III. **FACTUAL ALLEGATIONS**

6. Plaintiff is a tenured civil servant who has worked for nearly six years for the Orange County Department of Health as a public health educator.

7. Until she repelled sexual advances by her superior, plaintiff was a highly rated employee who had received increasing responsibilities.

8. In July 2006, plaintiff was assigned to attend an International Tobacco Conference conference in Washington, D.C. with one colleague, Gretchen Meier, and her district supervisor, Robert Dietrich.

9. Initially, Dietrich objected to Meier's attending the conference.

10. On July 13, 2006, immediately after his arrival, Dietrich called plaintiff and wanted to know what *their* plans for the evening were.

11. Plaintiff explained that she planned on having dinner with her colleagues.

12. Thereafter, Dietrich invited himself to plaintiff's room and brought his bag.

13. When Dietrich stated that he wanted to leave his bag in her room, plaintiff told Dietrich that this made no sense since his hotel was far away and

there was no reason for him to return to her hotel room after the group went out to dinner.

14. Dietrich insisted that it was fine and that he would come back to plaintiff's room to retrieve his bag after dinner.

15. During dinner, Dietrich repeatedly filled plaintiff's glass with wine and encouraged her to drink, commenting, "Come on, Kathy, you are hardly drinking".

16. Plaintiff replied that she was not comfortable getting drunk with her boss.

17. Following dinner, Dietrich returned to plaintiff's hotel room and said he might as well sleep over since it was so late.

18. Plaintiff objected and told Dietrich "No."

19. Dietrich replied, "Oh, come on."

20. Plaintiff told him he could sleep in Meier's room and Meier would stay in her room.

21. Ultimately, Dietrich stopped pressing the matter and plaintiff and Meier walked him to the train station.

22. The following day, Dietrich called plaintiff and asked her to come over to his hotel and check out his suite.

23. Upon the women's return from the conference, Dietrich had Meier

terminated from her position and moved plaintiff from her position.

24. Dietrich told plaintiff that she should resign or he would find a way to terminate her.

25. After the trip, plaintiff's job responsibilities were substantially eliminated and she was given no substantive work for a period of more than one year in a patent effort to have her resign her position.

26. After the trip, plaintiff was reprimanded without basis by the Commissioner of the Department of Health; this occurred at Dietrich's instance and was part of his retaliation against her.

27. After the party, Dietrich assigned other staff to shadow plaintiff and report back concerning her activities.

28. By dint of the quid pro quo sexual harassment to which she has been subjected, plaintiff's career has been stymied, she has suffered pecuniary and non-pecuniary loss and been treated in an adverse manner.

IV. **CAUSE OF ACTION**

29. Plaintiff incorporates paras. 1-28 as if fully restated herein.

30. By subjecting plaintiff to quid pro quo sexual harassment, defendant violated Title VII of the Civil Rights Act of 1964, as amended.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to decide all legal issues;

c) award to plaintiff and against defendant compensatory damages for her pecuniary and non pecuniary injuries with pre- and post-judgment interest;

d) award plaintiff attorneys fees and costs arising from this litigation and

e) enter any other order which the interests of justice and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
Counsel for Plaintiff
PO Box 1005
Goshen, NY 10924
(845)-294-3991

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

| STATE DIVISION OF HUMAN RIGHTS on the Complaint of | |
|---|---|
| KATHERINE I. BARNETT<br>                      Complainant<br>          v.<br>ORANGE COUNTY, DEPARTMENT OF HEALTH AND ROBERT DIETRICH, AS AIDER AND ABETTOR<br>                      Respondent | VERIFIED COMPLAINT Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10113826** |

Federal Charge No. 16GA604684

    I, Katherine I. Barnett, residing at 132 St. Elmo Road, Wallkill, NY, 12589, charge the above named respondent, whose address is Orange County Government Center, 255 Main Street, Goshen, NY, 10924 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of sex, opposed discrimination/retaliation.

    Date most recent or continuing discrimination took place is 8/10/2006.

    The particulars are:

    1.   I am female and have been sexually harassed. Because of this, I have been subject to unlawful discriminatory actions.

    2.   I have worked for the Respondent as a Public Health Educator since 9/16/02. My time, attendance and performance have always been satisfactory.

    3.   Respondent scheduled for me to attend an International Tobacco Conference in Washington along with another colleague, Gretchen Meier, and my District Supervisor, Robert Dietrich.

    4.   Initially, Mr. Dietrich did not want Ms. Meier to attend the conference and she had to fight for her spot.

    5.   On 7/13/06, when Mr. Dietrich arrived he immediately called and wanted to know what our plans were for the evening. I explained that I planned on having dinner with my colleagues.

Complaint
SDHR Case No. 10113826
Katherine I. Barnett v. Orange County, Department Of Health And Robert Dietrich, As Aider And Abettor

    6.    Mr. Dietrich called back around 5:00 p.m. to find out what we were doing and I said we were at the pool. He said "I will be right down". I told him that we would call him when we were ready to go but he said he would meet me there at the pool. I was uncomfortable so I immediately called other colleagues from other agencies who were also attending the conference to come join me at the pool. Mr. Dietrich watched us swim for a while and then I said that I needed to shower would meet them in the lobby for dinner. Mr. Dietrich said "it will be fine, we will go to your room".

    7.    Although I was uncomfortable, Mr. Dietrich and three other colleagues came to my room and we decided where we would eat. When we were ready to go, Mr. Dietrich said he was going to leave his bag in my room. I told him that he shouldn't because his hotel was far away and there was no reason for him to return to my hotel after dinner but he said it was fine and that he would come back.

    8.    During dinner Mr. Dietrich kept filling our glasses with alcohol and saying things like, "Come on Kathy, you are hardly drinking." I told him that I was not comfortable getting drunk with my boss and he belittled my concerns.

    9.    After dinner he returned to my hotel and said that he might as well sleep over since it was so late and I told him "no". He said, "Oh, come on," and I told him that he could sleep in Ms. Meier's room and she would sleep in mine. We ended up walking him to the train station.

    10.    On 7/14/06 Mr. Dietrich called to ask what we were doing. I told him that we had no plans and he said we should come "hang out" at his hotel and "check out" his suite. I told him that it was far away and that was not what I wanted to do.

    11.    I mentioned to Ms. Meier several times that if I did not go out with him we would be terminated next week.

    12.    When we returned from the conference Ms. Meier was terminated and I was moved from my position.

    13.    I believe that Ms. Meier may have told Director Barbara Baxter about Mr. Dietrich because he approached me and said that he would never trust me again. Mr. Dietrich told me that I should resign or he will find a way to terminate me.

Complaint
SDHR Case No. 10113826
Katherine I. Barnett v. Orange County, Department Of Health And Robert Dietrich, As Aider And Abettor

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_____
Katherine I. Barnett

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5053 4097

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 10, 2008

Ms. Katherine I. Barnett
c/o Michael H. Sussman, Esquire
Law Offices of Sussman & Watkins
Attorneys at Law
P.O. Box 1005
Goshen, NY 10924

Re:  EEOC Charge Against Orange County, Dept. of Health, et al.
     No. 16G200604684

Dear Ms. Barnett:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  New York District Office, EEOC
     Orange County, Dept. of Health, et al.