UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATHY BARNETT,

                        Plaintiff,

   -against-                              **ANSWER TO COMPLAINT**

COUNTY OF ORANGE,

                                                       Case No. 08 Civ. 3889
                                                       Hon. Kenneth M. Karas

                        Defendant.
------------------------------------------------------------X

      Defendant County of Orange as and for its Answer to the Complaint of Plaintiff, by its attorney Sharon Worthy-Spiegl, Chief Assistant County Attorney for David L. Darwin, County Attorney for Orange County, state upon information and belief as follows:

      1.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "1," "11," "16," "18," and "20."

      2.     Admits the allegations stated or contained in paragraph "2."

      3.     Neither admits nor denies the statement contained in paragraph "3" as it calls for no response and refers this Court to said EEOC documents as it constitutes the best evidence of the contents contained therein.

      4.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations stated in paragraph "4," and refers this Court to said letter as it constitutes the best evidence of the contents contained therein.

      5.     Neither admits nor denies the statement contained in paragraph "6" of the Complaint as it is unclear except admits that upon information and belief, Plaintiff commenced

employment with the County of Orange on or about September 16, 2002, and refer all matters of law regarding civil servants to this Court.

6. Denies each and every allegation as stated or contained in paragraphs "7," "8," "9," "10," "12," "14," "15," "17," "19," "22," "24," "25," "26," "27," and "28."

7. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegation stated in paragraph "13," regarding Plaintiff, except denies each and every allegation regarding Dietrich in said paragraph.

8. Denies each and every allegation stated or contained in paragraph "21," except admits that Plaintiff, Meier and Dietrich walked together to a train station.

9. Denies each and every allegation stated or contained in paragraph "23," and further states that Defendant Dietrich had no authority to terminate Meier or move Plaintiff from her position as stated.

10. Paragraph "29," contains no allegations which require a response.

11. Denies each and every allegation stated or contained in paragraph "30" and refer all matters of law too this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim against Defendant County of Orange, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. The Defendant County of Orange had legitimate non-discriminatory reasons for its actions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. Plaintiff as not sustained any adverse effects of employment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. Upon information and belief, any injuries and/or damages, which may have been sustained by Plaintiff at the time and place set forth in the Complaint, were caused in whole or in part by reason of the Plaintiff's own culpable conduct and actions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. If the Defendant is held liable and responsible, in whole or in part for damages and injuries as alleged in the Complaint, it will be a result of the culpable conduct of others and the Defendant demands that the ultimate rights of the parties hereto be apportioned through indemnification or contribution as determined by the Court or Jury.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. The alleged acts of Defendant County of Orange were done in good faith, without malice, wantonness, recklessness, callous or indifference.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. If Plaintiff was damaged or injured as alleged in the Complaint herein, and such damage and injury as not sustained solely as a result of Plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by reason of the negligence, carelessness, culpable conduct, want of care and intentional acts of third parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. Any non-Federal claims that may be asserted by Plaintiff through any supplemental jurisdiction of this Court, are barred by the failure of Plaintiff to comply with the requisite notice provisions of such claims and are further barred by the applicable Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. The alleged deprivation of Plaintiff's constitutional rights was not done pursuant to a governmental custom, policy, practice, ordinance, regulation or decision of Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to allege or identify any governmental custom, policy, practice, ordinance, regulation or decision pursuant to which the alleged action was taken.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff cannot establish that she was subjected to any unwelcome sexual conduct and/or advances.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

22. No tangible employment action was taken against Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff cannot establish that she was subjected to a hostile work environment.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

24. The Defendant County exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff unreasonably and completely failed to take advantage of the corrective and preventive opportunities provided by Defendant County to investigate or otherwise address the alleged sexual harassment claim.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

26. The Defendant County of Orange had an anti-discrimination and sexual harassment policy in place at the time of the alleged action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff failed to avail herself of the available complaint procedures regarding her alleged hostile work environment.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff cannot establish that she was subjected to disparate treatment.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

29. Plaintiff cannot establish that the County's alleged actions were a pretext for discrimination.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

30. Plaintiff cannot establish that the County of Orange had knowledge of the alleged sexual harassment at the time the alleged retaliation occurred.

### AS AN FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

31. Supervisor Robert Dietrich did not terminate Meier or move Plaintiff from her position as alleged in paragraph "23."

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

32. Plaintiff cannot establish the requisite elements to support her quid pro quo sexual harassment claim.

**WHEREFORE,** Defendant County of Orange respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

s/_____
SHARON WORTHY-SPIEGL
Chief Assistant County Attorney
David L. Darwin
County Attorney for Orange County
Attorney for
255 Main Street
Goshen, NY 10924
(845) 291-3150